IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

SHAWN MARTINEZ,

        Plaintiff,

    v.

R.J. MINOGUE and DONALD SELSKY*,*

        Defendants.

Civil Action No.
9:06-CV-0546 (DNH/DEP)

─────────────────────────────────

APPEARANCES:

OF COUNSEL:

FOR PLAINTIFF:

SHAWN MARTINEZ, *Pro Se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO
Attorney General of the State
  of New York
The Capitol
Albany, NY 12224-0341

DAVID L. FRUCHTER, ESQ.
Assistant Attorney General

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff Shawn Martinez, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this action

pursuant to 42 U.S.C. § 1983, complaining of constitutional violations

alleged to have occurred during the time of his confinement. In his complaint the plaintiff, who following a due process hearing was found guilty of assaulting a fellow inmate and was sentenced, *inter alia,* to three years of disciplinary confinement in a prison special housing unit ("SHU"), alleges deprivation of his right to procedural due process stemming from the refusal of the presiding hearing officer to call two witnesses requested by Martinez, but who had informed plaintiff's legal assistant of their refusal to testify at the hearing.  As relief plaintiff seeks compensatory damages computed based upon the amount of time served in SHU confinement up until the reversal of the hearing officer's determination, following his initiation of a state court proceeding challenging the ruling.

Currently pending before the court is a motion by the two named defendants for summary judgment dismissing plaintiff's complaint in its entirety.  In their motion, defendants assert that while plaintiff's rights under state law or regulation may have been violated, as indeed was the finding of the state court which overturned the hearing determination, no constitutional deprivation occurred when the hearing officer, reasonably believing that the two witnesses at issue had refused to testify on the plaintiff's behalf, failed to require their appearance for that purpose.

2

There being no dispute that the evidence adduced during the hearing was adequate to support the finding of plaintiff's guilt, and discerning no constitutional violation based upon the hearing officer's decision not to call the two recalcitrant witnesses, I recommend that defendants' motion be granted.

I.     BACKGROUND[1]

Plaintiff is a prison inmate entrusted to the custody of the New York State Department of Correctional Services ("DOCS").  *See generally* Complaint (Dkt. No. 1).  At the times relevant to the claim in this action, Martinez was designated to the Clinton Correctional Facility ("Clinton"), located in Dannemora, New York.  *Id.*

On March 4, 2003, while at Clinton, plaintiff was issued a misbehavior report authored by Corrections Sergeant A.J. Trombley, charging him with various infractions arising out of an alleged attack on a fellow inmate, including assault (Disciplinary Rule 100.10), fighting (Disciplinary Rule 100.13), violent conduct (Disciplinary Rule 104.11) and weapons possession (Disciplinary Rule 113.10).  Fruchter Decl. (Dkt. No.

---

[1]     In light of the procedural posture of the case the following recitation is drawn from the record now before the court, with all inferences drawn, and ambiguities resolved, in favor of the plaintiff.  *See Wells-Williams v. Kingsboro Psychiatric Ctr.*, No. 03-CV-134, 2007 WL 1011545, at *2 (E.D.N.Y. Mar. 30, 2007) (citations omitted).

31-3) Exh. A.  In preparation for a disciplinary hearing to address the

charges lodged in the misbehavior report, a corrections counselor was

assigned to assist Martinez in preparing a defense to the accusations. *Id.*

Exh. B.

A Tier III disciplinary hearing was held, beginning on March 10,

2003, to address the allegations set forth in the misbehavior report;

presiding at that hearing was defendant R.J. Minogue, a Corrections

Captain at the facility.[2]  Fruchter Decl. (Dkt. No. 31-3) Exhs. B-F.  During

the course of that proceeding testimony was elicited from the plaintiff as

well as several other witnesses, including various inmates at Clinton;

certain of the witnesses were examined outside of plaintiff's presence,

given their status as confidential informants, and plaintiff was provided

with a form reflecting that fact and advising him of the hearing officer's

decision to accept their testimony *ex parte* "to preserve [the witnesses']

safety as well as the institutional safety and correctional goals."  *Id.* Exhs.

---

[2]     The DOCS conducts three types of inmate disciplinary hearings.  Tier I
hearings address the least serious infractions, and can result in minor punishments
such as the loss of recreation privileges.  Tier II hearings involve more serious
infractions, and can result in penalties which include confinement for a period of time
in the Special Housing Unit (SHU).  Tier III hearings concern the most serious
violations, and could result in unlimited SHU confinement and the loss of "good time"
credits.  *See Hynes v. Squillace,* 143 F.3d 653, 655 (2d Cir.), *cert. denied*, 525 U.S.
907, 119 S. Ct. 246 (1998).

D, pp. 23-24 and Exh. F.  Two witnesses, including the victim and another inmate, whose appearance at the hearing was requested by the plaintiff did not testify, based upon their refusal to do so requested by the plaintiff. *Id.* Exh. D at p. 2.

At the conclusion of the hearing plaintiff was convicted on all four counts.  Fruchter Decl. (Dkt. No. 31-3) Exh. C.  As a result of that finding defendant Minogue imposed a penalty which included thirty-six months of disciplinary confinement in the facility's SHU, with a corresponding loss of package, commissary, and telephone privileges, and a further recommendation that plaintiff lose thirty-six months of good time credits. *Id.,* Exh. D at 25-26.  The hearing officer's finding of guilt and the penalties imposed were upheld on administrative appeal to defendant Donald Selsky, who at that time served as the DOCS Director of Special Housing/Inmate Disciplinary Program, in a determination issued on May 5, 2003.  Fruchter Decl. (Dkt. No. 31-3) Exh. H.

Following his unsuccessful administrative challenge, plaintiff commenced a proceeding in New York State Supreme Court, pursuant to Article 78 of the New York Civil Practice Law and Rules, challenging the disciplinary determination.  Complaint (Dkt. No. 1) ¶ 4.  While Martinez's

Article 78 petition was initially dismissed by the trial court on February 5,

2004, that determination was reversed on appeal to the New York State

Supreme Court Appellate Division, Third Department, by memorandum-

decision and order issued on February 10, 2005. *Id.* ¶¶ 3-4, Exh. A. In its

decision reversing the lower court's holding and vacating the disciplinary

determination, the Third Department concluded that the hearing officer

had failed to comply with governing state regulations regarding the refusal

of witnesses to testify at such hearings, based upon his failure to inquire

as to the basis for the refusal of the two witnesses to testify and to then

provide the plaintiff with an adequate explanation regarding that failure.

*Id.* The hearing determination was therefore reversed, and the matter was

remanded to the DOCS for a new hearing at which defendants were

directed to provide plaintiff with the reason for the refusal of the two

witnesses to testify. *Id.* Of note, in its decision the Third Department

observed that "petitioner does not dispute that the evidence in the record

was sufficient to sustain the [hearing officer's] determination[.] . . .." *Id.*

Plaintiff was subsequently released from SHU confinement on

March 3, 2005. Complaint (Dkt. No. 1) at 7. No new disciplinary hearing

was conducted regarding the March 4, 2003 assault. Fruchter Decl. (Dkt.

6

No. 31-3) ¶ 13.

II.   <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on May 3, 2006.  Dkt. No. 1.  In his complaint Martinez names Captain Minogue, the hearing officer, and Donald Selsky, who denied his internal administrative appeal, as defendants and asserts a single claim of procedural due process deprivation based upon the hearing officer's failure to call the two requested witnesses or to provide him with an adequate explanation regarding their refusal to testify.

On January 31, 2008 defendants moved seeking the entry of summary judgment dismissing plaintiff's complaint.  Dkt. No. 31.  In their motion defendants assert that at best, plaintiff's claim implicates a violation of state regulation which does not rise to a level of constitutional significance, particularly in view of the Third Department's finding of the existence of sufficient evidence to support the hearing officer's substantive determination.  *Id.*  Plaintiff has since responded in opposition to defendants' motion, Dkt. No. 33, which is now ripe for determination and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern

7

District of New York Local Rule 72.3(c).  *See also* FED. R. CIV. P. 72(b).[3]

III.    DISCUSSION

   A.    Summary Judgment Standard

   Defendants' motion is governed by Rule 56 of the Federal Rules of

Civil Procedure.  Under that provision, summary judgment is warranted

when "the pleadings, the discovery and disclosure materials on file, and

any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."  FED. R.

CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct.

2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247,

106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old

Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004).  A fact is

"material," for purposes of this inquiry, if it "might affect the outcome of the

suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S. Ct. at

--------------------------------

[3]    In his opposition to defendant's motion Martinez also makes assertions
which potentially implicate other constitutional claims, including deliberate medical
indifference.  *See* Plaintiff's Opposition (Dkt. No. 33) at pp. 12, 21 (discussing plaintiff's
alleged psychological injuries due to his SHU confinement).  Because these issues are
not raised in plaintiff's complaint, which only claims a violation of his due process
rights, I have not addressed these potential additional claims in this report and
recommendation.  *See, e.g., Caidor v. Potter*, No. 5:02-CV-1486, 2007 WL 2847229,
at *8 (N.D.N.Y. Sep. 26, 2007) (Mordue, C.J) (refusing to hear a claim raised for the
first time in a summary judgment motion).

2510; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*).  A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Although *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than mere "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion.  *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n.4; *Security Ins.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial.  FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553;

9

*Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party. *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). The entry of summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

B.    Procedural Due Process

Plaintiff's complaint alleges that during the course of the disciplinary proceedings against him he was denied procedural due process, in violation of rights secured under the Fourteenth Amendment. Defendants assert that plaintiff's claim, while potentially implicating a violation of state regulation, as the Third Department found, does not similarly support the finding of a procedural due process deprivation.

The procedural safeguards to which a prison inmate is entitled

before being deprived of a constitutionally cognizable liberty interest are well-established; the contours of the protections guaranteed under the Fourteenth Amendment were the focus of the Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539, 564-67, 94 S. Ct. 2963, 2978-80 (1974).  In its decision in that case the Court held that once its protections are triggered in connection with an inmate disciplinary proceeding, the Fourteenth Amendment affords certain minimal safeguards, requiring 1) written notice of the charges; 2) the opportunity to appear at a disciplinary hearing and present witnesses and evidence, subject to legitimate safety and penological concerns; 3) a written statement by the hearing officer explaining his or her decision and the reasons for the action being taken; and 4) in some circumstances, the right to assistance in preparing a defense.  *Wolff*, 418 U.S. at 564-67, 94 S. Ct. at 2978-80; *see also Eng v. Coughlin*, 858 F.2d 889, 897-98 (2d Cir. 1988).  In addition to these procedural safeguards, the Fourteenth Amendment also requires that a hearing officer's disciplinary determination must garner the support of at least "some evidence".  *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2773 (1985).

    As defendants tacitly acknowledge in their moving papers, the

plaintiff's disciplinary confinement for nearly two years in a prison SHU represents a liberty interest deprivation sufficient to invoke the procedural requirements of the Fourteenth Amendment.  In this instance, however, plaintiff has been denied none of the rights guaranteed under *Wolff.*  As the Third Department noted, and plaintiff apparently conceded during the course of his Article 78 proceeding, the evidence adduced during the disciplinary hearing was adequate to support the hearing officer's determination of Martinez's guilt.  Complaint (Dkt. No. 1) Exh. A, *slip op.* at 2.  Having conducted an independent review of the hearing transcript, I similarly conclude that the hearing officer's determination is supported by the requisite modicum of evidence necessary to satisfy the Fourteenth Amendment.  *Hill,* 472 U.S. at 454, 105 S. Ct.  at 2773.  Plaintiff does not deny having received adequate notice of the charges against him, nor does he challenge the sufficiency of the hearing officer's determination or the adequacy of the assistance provided to him in preparation for the hearing.

Plaintiff's quarrel in this case is with the hearing officer's failure to call two witnesses whose presence he requested, including the victim of the assault and another inmate at the prison.  While the Fourteenth

Amendment guarantees an inmate's rights to call witnesses and present evidence in his or her defense before being deprived of a cognizable liberty interest, that right is not without bounds; the law requires only that an inmate be permitted to present witness testimony only where "permitting him [or her] to do so will not be unduly hazardous to institutional safety or correctional goals." *Hill v. Selsky,* 487 F. Supp. 2d 340, 342 (W.D.N.Y. 2007) (citing *Wolff,* 418 U.S. at 566, 94 S. Ct. at 2979).  In this instance defendant Minogue, in his capacity as a hearing officer, was informed by plaintiff's legal assistant that two requested witnesses, including M. Mitchell and D. Padgett, had refused to testify at plaintiff's hearing.  Fruchter Decl. (Dkt. No. 31-3) Exh. B.  During the hearing, Minogue advised the plaintiff of his decision not to call those two individuals as witnesses, in light of their refusals to testify for the plaintiff. *Id.* Exh. D at 2, 5.  Where a hearing officer reasonably believes that a witness identified and requested by an accused inmate has refused to testify as requested by an accused inmate, he or she may permissibly opt not to call that witness, concluding that to do so is unnecessary in light of that refusal.  *Hill,* 487 F. Supp. 2d at 342-43; *see also Sweet v. Wende Corr. Facility,* 514 F. Supp. 2d 411, 414 (W.DN.Y. 2007); *Shell v.*

13

*Brzezniak,* 365 F. Supp.2d 362, 377 (W.D.N.Y. 2005).

In bringing this action and resisting defendants' motion for summary judgment, plaintiff appears to take solace in the Third Department's decision reversing the adverse disciplinary determination against him. That court's decision, however, was predicated entirely upon the hearing officer's failure to comply with a regulation which provides, in pertinent part, that an

> . . . inmate may call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.  <u>If permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety</u> . . .

7 N.Y.C.R.R. § 254.5(a) (emphasis supplied).  It is well-established, however, that a violation of state law or regulation in and of itself will not establish a constitutional violation or support a civil rights claim under 42 U.S.C. § 1983.  *See Johnson v. Columbia Univ.*, No. 99 Civ. 3415, 2003 WL 22743675, at *14 (S.D.N.Y. Nov. 19, 2003) (citing *Paul v. Davis*, 424 U.S. 693, 700, 96 S. Ct. 1155, 1160 (1976)); *see also Hill,* 487 F. Supp.2d at 343 (state court decision concluding that the hearing officer violated state regulation by not providing the accused inmate with a signed witness refusal form did not establish a constitutional deprivation).

14

Because plaintiff's complaint alleges only a violation of state regulation related to the hearing officer's failure to conduct a proper inquiry into the refusal of two witnesses requested by the plaintiff and to provide both an adequate reason and a signed witness refusal form to the plaintiff, and those violations do not rise to a level of constitutional significance, I recommend that defendants' motion be granted and plaintiff's complaint in this action dismissed. *Hill,* 487 F. Supp.2d at 343 ("Having been told that the inmates were refusing to testify, [the hearing officer] could reasonably have concluded that it would have been futile to call them, and his failure to do so or to go to their cells and interview them themself did not give rise to a constitutional violation, regardless of whether [the hearing officer and plaintiff inmate] had been given signed refusal forms from those inmates.") (citation omitted).

IV.   SUMMARY AND RECOMMENDATION

Plaintiff's disciplinary conviction, following a hearing, of multiple rule violations based upon his participation in an assault by several inmates upon a fellow prisoner is adequately supported by some evidence, including the testimony received during the hearing.  While that adverse determination was ultimately vacated based upon a state court finding that

15

the hearing officer had refused to satisfy the requirements of a state regulation regarding refusals of witnesses to testify during such proceedings, the record reflects that upon being informed of their refusal to testify the hearing officer reasonably concluded that it was unnecessary to call the two witnesses requested by the plaintiff.  Under these circumstances, no reasonable factfinder could conclude that a constitutional deprivation occurred, and defendants are therefore entitled to judgment as a matter of law dismissing plaintiff's complaint.

Accordingly, it is hereby

RECOMMENDED that defendants' motion for summary judgment (Dkt. No. 31) be GRANTED, and plaintiff's complaint in this action DISMISSED in all respects.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); FED. R. CIV. P.  6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

Report and Recommendation upon the parties in accordance with this

court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:     July 31, 2008
           Syracuse, NY

17